UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TRISHA CLOWER,

      Plaintiff,

    v.

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO;
RON SMITH; and
DOES I through XX,

      Defendants.

NO. CIV. S 04-0042 MCE PAN

ORDER

----oo0oo----

On April 14, 2004, the Court issued a pretrial scheduling order ("Scheduling Order"), which established January 28, 2005, as the close of non-expert discovery. On December 20, 2004, once all of the parties had arrived, one or both of the parties terminated the deposition of defendant Ron Smith ("Smith"). (Reply at 4:10; Opp'n 1:12-13.) On January 4, 2005, Defendants informed Plaintiff that they would not again produce Smith as a deponent unless Plaintiff compensated them for the cost of the deposition aborted on December 20, 2004. (Pl's Mot at 4:4-8;

1

1  Opp'n at 2:23-4:7.)  On March 17, 2005, Plaintiff filed a motion
2  to modify the Court's Scheduling Order and to compel the
3  deposition of Ron Smith.  Plaintiff states that her "motion to
4  compel could not be filed and heard prior to the January 28,
5  2005, discovery deadline . . . Based on pending settlement
6  discussions between the parties, Plaintiff did not file this
7  motion immediately."  (Pl's Mot. at 7:18-21.)

8      Under the Federal Rules of Civil Procedures, the Court's
9  Scheduling Order "shall not be modified except upon a showing of
10 good cause and by leave of the district judge . . ."  Fed R. Civ.
11 P 16(b) (hereinafter "Rule 16(b)").  The "good cause" standard of
12 Rule 16(b) primarily considers the diligence of the party seeking
13 amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609
14 (9th Cir. 1992) ("the focus of the inquiry is upon the moving
15 party's reasons for seeking modification . . . if that party was
16 not diligent, the inquiry should end.") (citations omitted).

17     "A scheduling order is not a frivolous piece of paper, idly
18 entered, which can be cavalierly disregarded by counsel without
19 peril." Id. at 610.  Here, Plaintiff was aware of a potential
20 discovery dispute involving a key witness approximately one month
21 prior to the close of discovery.  Nevertheless, Plaintiff waited
22 until almost two months after the close of discovery to bring
23 this issue to the attention of the Court.

24     Plaintiff has offered only two reasons for the delay: 1) the
25 conclusive assertion that the present motion could not be filed
26 and heard prior to January 28, 2005, and 2) the motion was
27 delayed by settlement negotiations.  (Pl's Mot. at 7:18-21.)  The
28 Court finds both of these reasons to be of little merit.

1 Plaintiff was free to notify the Court of problems surrounding
2 the Smith deposition and seek relief from the Scheduling Order at
3 that time.  Further, the fact that settlement negotiations were
4 ongoing does not negate the Scheduling Order. As such, the Court
5 finds that Plaintiff has failed to demonstrate the requisite good
6 cause to modify the Scheduling Order.
7     Plaintiff's motion to modify the Scheduling Order in order
8 to extend the discovery deadline is hereby DENIED.  Consequently,
9 Plaintiff's motion to compel the discovery of Ron Smith is also
10 DENIED.[1]  All requests for sanctions are DENIED.
11     IT IS SO ORDERED.
12 DATED: May 12, 2005.

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] This matter was deemed suitable for decision without oral argument.  Local Rule 78-230(h).